Case No.: 23-10946-CC

*U.S. COURT OF APPEALS RECEIVED CLERK DEC 0 4 2023 ATLANTA, GA*

UNITED STATES COURT OF APPEALS,
ELEVENTH CIRCUIT

WARD LAWRENCE KENYON,
Appellant / Plaintiff,

v.

City of Sebastian, et al,
Appellees / Defendants.

On appeal from the United States District Court, Southern District of Florida
District Judge Raag Singhal Presiding

Lower Case No.: 2:21-CV-14392-AHS

APPELLANT KENYON'S OPENING BRIEF WITH CERTIFICATE
OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Ward L. Kenyon
pro Se Appellant
DC# K82075
RMC Main Unit
P.O. Box 628
Lake Butler, FL 32054

U.S. COURT OF APPEALS RECEIVED CLERK DEC 04 2023 ATLANTA, GA

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant Kenyon provides the following list of interest persons to this appeal:

1. City of Sebastian - Defendant/Appellee;
2. Anigo, Andrea G., Esq. - Counsel for City of Sebastian;
3. Garrison, Melissa - Defendant/Appellee;
4. Mai, Andrew W., Esq. - Counsel interim City Attorney for City of Sebastian;
5. Nevue, Braeden - Defendant/Appellee;
6. Preferred Governmental Insurance Trust;
7. Reynolds, Lyman H., Esq. - Counsel for City of Sebastian;
8. Roberts, George P., Esq. - Counsel for City of Sebastian;
9. Roberts, Reynolds, Bedard & Tuzzio, PLLC - Counsel for City of Sebastian;
10. Roper, P.A. - Counsel for Nevue & Garrison;
11. Kenyon, Ward L., - Plaintiff/Appellant;
12. Scott, Dale A., Esq. - Counsel for Nevue & Garrison;
13. Singhal, Hon., Raag - United States District Judge.

## CIP CERTIFICATION

Appellant, pursuant to Eleventh Circuit Rule 26.1-3(b), hereby certifies that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

*[signature]*

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Kenyon does desire to present oral argument before this Honorable Court.

Oral argument should be heard because it would allow Appellant the opportunity to give his initial brief more context, the ability to verbalize to the Court as to why this appeal needs to be granted in Appellant's favor and this case remanded back to the District Court to proceed into the discovery phase, but most importantly oral argument would serve as an aid to the Court in truly understanding the Appellant's case and factual allegations in such a way which words on a piece of paper just cannot convey the same effect and meaning.

i

# TABLE OF CONTENTS

| | Page |
|---|---|
| Certificate of Interested persons and Corporate disclosure Statement | C1 |
| Statement Regarding Oral Argument | i |
| Table of Contents | ii |
| Table of Citations | iii |
| Jurisdictional Statement | IV |
| Statement of the Issues | 1 |
| Statement of the Case | 2,3,4,5 |
| Summary of the Argument | 6 |
| Argument | 7,8 |
|    I. The District Court erred in dismissing Appellant's Complaint for Failure to State a valid Claim because he raised plausible Constitutional Claims, upon which relief can be granted, for excessive use of deadly force, battery, negligence, failure to train, Single incident liability, and deliberate indifference to Serious medical needs. | 7,8 |
|    B. The District Court erred and abused its discretion by Considering any of the Contents of the original Complaint in its dismissal Order because the Amended Complaint Superseded and voided the original Complaint. | 7,8 |
|    1. The District Court erred by not excepting Plaintiff's Well pled factual allegations as true and Construing them in the light most favorable to plaintiff. | 7,8 |
| Conclusion | 9 |
| Certificate of Compliance | 9 |
| Certificate of Service | 9 |

# TABLE OF CITATIONS

**Cases** — Page(s)

Cope v. Cogdill, 3 F. 4th 198 (5th Cir. 2021) .................. 4, 8

Dyer v. Houston, 964 F.3d 374 (5th Cir. 2020) ................ 5, 8

Allen v. Hays, 65 F. 4th 736 (11th Cir. 2023) .................. 5, 8

Gomez v. Galman, 18 F. 4th 769 (5th Cir. 2021) ............... 7

Masel v. Villarreal, 924 F.3d 734 (5th Cir. 2019) ............. 7

Robinson v. City of Huntsville, No. 21-13979 (11th Cir. 2022) ... 7

Bailey v. Wheeler, 843 F.3d 473 (11th Cir. 2016) .............. 7

Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241 (11th Cir. 2007) ... 8

**Statutes**

28 U.S.C. § 1334 .............................................. iv

28 U.S.C. § 1343 .............................................. iv

28 U.S.C. § 2201 .............................................. iv

28 U.S.C. § 2202 .............................................. iv

42 U.S.C. § 1983 .............................................. iv

## JURISDICTIONAL STATEMENT

(1) The District Court's Jurisdiction over this Case rested in 42 U.S.C § 1983, 28 U.S.C. § 1334 and 1343 (1), (3), and 4, 2201 and 2022 which gave the District Court Jurisdiction to entertain Appellant's Claims;

(2) The basis for the Eleventh Circuit Court of Appeals' Jurisdiction is pursuant to 28 U.S.C. § 1291 the Court of Appeals shall have Jurisdiction of Appeals from all final decisions of the District Courts of the United States;

(3) The notice of Appeal was filed March 12, 2023, Making this appeal timely; and

(4) This appeal is from a final order that disposes of all of Appellant's Claims.

## STATEMENT OF THE ISSUES

1. The District Court erred by dismissing Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. See [FLSD DE 60], the District Court's Order of dismissal.

2. The District Court erred and abused its discretion in considering any of the language, allegations, or content of the Plaintiff's Original Complaint in its Dismissal Order. See FLSD [DE 60 PG 5 ft.n.1].

3. The District Court erred and abused its discretion in concluding that Nevue and Garrison were not deliberately indifferent to Plaintiff's Serious medical needs.

4. The State law Claims should be reinstated along with the Federal Claims.

5. The District Court erred by taking Plaintiff's factual allegations as a mere "belief," rather than excepting them as true and construing them in the light most favorable to the Plaintiff as required by law. Thus, the District Court erred by not applying an applicable rule of law, that is, the District Court failed to take Plaintiff's well pled factual allegations as true and construe them in the light most favorable to him.

1

## STATEMENT OF THE CASE

The nature of the case is claims for the use of excessive force by two City of Sebastian Police officers, a single incident theory of liability against the municipality of City of Sebastian, failure to train against the City of Sebastian, deliberate indifference to Plaintiff's serious medical needs by Nevue and Garrison, and pendent state law claims of negligence and battery against Nevue and Garrison.

1. The Appellant filed his Original Complaint on September 24, 2021, on January 5, 2022, the District Court entered its Screening order FLSD [DE 7] permitting all claims to proceed except the claim against the City of Sebastian (Count 1). Next, the Defendant filed their motion to Dismiss and the Plaintiff filed for leave to Amend his Complaint which was granted.

   Upon Screening of Plaintiff's Amended Complaint, the District Court permitted all of Plaintiff's claims to proceed, this was followed by the Defendants Motion to Dismiss the Amended Complaint, Nevue and Garrison filed their motion to dismiss and the City of Sebastian filed their own Motion to Dismiss. After the motions to Dismiss and the other pleadings filed were fully briefed before the Court, the District Court reviewed those pleadings and rendered its order of dismissal. See FLSD [DE 60].

2. The facts of this case are very Straight-forward, two rookie negligent City of Sebastian Police officers entered Earl's Hideaway to serve a Violation of probation Warrant on Plaintiff, followed

2.

by a third officer (Garrison) who failed to inform Plaintiff that he was under arrest or that he had a warrant for his arrest, but merely asked Plaintiff "hey man can we talk outside," which is a request not a lawful command.

As the officers (Singh and Nevue) and Plaintiff were walking towards an exit door Singh and Nevue physically aggress Plaintiff from behind without warning causing Plaintiff to pull away from the two officers. Next these two officers slam Plaintiff against the wall, Plaintiff pulled out a gun from his right hip area trying to not let the officers see it so Plaintiff could run outside of the building and discard the contraband weapons on his person.

Unfortunately, officer Singh spotted the gun in Plaintiff's right hand and attempts to grab it, Singh ends up on Plaintiff's back and Singh and Plaintiff began falling to the floor.

At this time and point officer Nevue, not having any knowledge Plaintiff had a weapon or whether he posed any imminent threat to anyone, pulled out his service firearm and decided to open fire at Plaintiff and also in the direction of officer Singh, Cpl. Garrison and in a building full of innocent bystanders.

Officer Nevue not only shot Plaintiff approx. a dozen times but also shot officer Singh and a civilian in the foot, evidence of pure negligence.

After the initial five rounds were fired by officer Nevue 3 of which struck Plaintiff, Singh and Plaintiff had now fallen completely to the floor and Plaintiff moved underneath

3

of a pool table, Nevue fired another volley of two rounds, the Garrison shoots Plaintiff once, the Nevue shot Plaintiff three more times, then Nevue finishes with a final volley of five rounds, all constituting the use of excessive deadly force, battery, and negligence by Nevue and Garrison.

After Plaintiff came out from under the pool table he was lying on the floor incapacitated in a large puddle of blood and was bleeding profusely with a blown off middle finger, a blown off tip of the left index finger, a shattered femor and left forearm along with many other shattered/broken bones and gunshot wounds, and although Garrison initially said "EMS" on the radio when shots were fired, neither Garrison or Nevue bothered to provide any first aid or medical care/assistance to Plaintiff's serious medical needs which were extremely obvious and life threatening, plus Nevue never radioed for or confirmed EMS had been summoned.

Instead Nevue and Garrison were more concerned with handcuffing Plaintiff's hands behind his back with all of the above mentioned injuries, was bleeding profusely and was also incapacitated, out of deliberate indifference to Plaintiff's serious medical needs. See Amended Complaint FLSD [DE 21, pg. 4-9].

"Still, the Cope Court (Cope v. Cogdill, 3 F. 4th 198 (5th Cir. 2021)) noted that Dyer had previously held "existing precedent showed that officers who, despite being aware of detainee's dire condition,... did nothing to secure medical help at all were on fair warning"

that their behavior was deliberately indifferent." (quoting Dyer v. Houston, 964 F. 3d 374, 384-85 (5th Cir. 2020)). Allen v. Hays, 65 4th 736 (11th Cir. 2023) Hayes stood by for six minutes without performing any medical care or calling for medical backup, aware that he had shot Allen several times and witnessed him crash into a tree .... in this posture, that is sufficient to survive a motion to dismiss. The claim is thus vacated and remanded.

Although, Cpl. Garrison called "EMS" over the radio she did absolutely nothing else to secure medical aid for Plaintiff and provided absolutely no first aid at all and Nevue did in-fact stand by and did 'nothing' to secure medical help for Plaintiff and also did not provide any medical/first aid at all which is clearly evidence of deliberate indifference to Plaintiff's serious medical needs.

Also, in Allen, Supra, further, "even when a suspect is armed, a warning must be given, when feasible, before the use of deadly force."

Here, Nevue and/or Garrison could've feasibly given warnings prior to employing the use of deadly force, and Nevue and Garrison's actions is compelling evidence of the City's failure to train/supervise and single incident liability.

3. The standard of review for all of Plaintiff's contentions in this appeal is an abuse of discretion standard of review and as to the contentions of plain error is a de novo standard of review.

## SUMMARY OF THE ARGUMENT

The District Court erred in dismissing Appellant's claims since as pled Plaintiff's allegation, which should've been taken as true and construed in the light most favorable to Plaintiff, asserted valid and plausible claims of violations of Plaintiff's Constitution rights which were clearly established at the time of said violations.

The original complete became null and void with the filing of the Amended Complaint and the District Court abused its discretion and erred when it considered any of the original Complaint in its dismissal order of the Amended Complaint. See FLSD [DE 60, pg. 5 ft. n. 2].

Once the Federal claims are reinstated, all of the State law Claims should also be reinstated.

The District Court overlooked valid precedents that put Nevue and Garrison on fair warning notice that their actions/ conduct after the shooting portion of the incident constituted deliberate indifference to Appellant's serious medical needs.

It has been a well settled rule of law for a long time that well pled factual allegations must be excepted as true and construed in the light most favorable to the Plaintiff at the motion to dismiss stage and the District Court failed to apply this rule of law in this case.

6

## ARGUMENT

The District Court erred by dismissing Appellant's Claims for failure to State a Claim upon which relief can be granted, See FLSD [DE 60], instead the District Court Should've allowed the case to proceed into the discovery phase and then to the Summary Judgment Stage. So the record could be properly developed to give Appellant the opportunity to Support his well pled factual allegations which the District Court obviously initially allowed to proceed. See generally FLSD [DE 21] and [DE 33].

Appellant would like to adopt and incorporate in this argument the Amended Complaint, FLSD [DE 21], and Appellant's Response to Nevue and Garrison's motion to Dismiss, FLSD [DE 36], by reference made a part hereof.

Appellant asserted plausible and colorable Claims which were well pled and alleged viable Claims of violations of Appellant's Constitutional rights which were well established at the time of the incident. Also, plausible pendent State law Claims.

See Gomez v. Galman, 18 F.4th 769, 769 (5th Cir. 2021) We review a district Court's grant of a motion to dismiss de novo. Masel v. Villarreal, 924 F.3d 734 (5th Cir. 2019); also See Robinson v. City of Huntsville, No. 21-13979 (11th Cir. Aug 30, 2022) We review the grant of a motion to dismiss de novo, accepting as true the facts alleged in the Complaint and drawing all reasonable inferences in favor of the Plaintiff. Bailey v. Wheeler, 843 F.3d 473, 480 (11th Cir. 2016).

Thus, the Standard of review here is de novo.

7

The District Court erred and abused its discretion when it considered any part of the original complaint in its dismissal order, FLSD [DE 60, pg. 5 Pt. n. 1]. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) "As a general matter, an amended pleading supersedes the original pleading; the original is abandoned by the plaintiff and is no longer part of the plaintiff's averments against the defendant."

The District Court erred and abused its discretion by concluding Nevue and Garrison were not deliberately indifferent to Appellant's serious medical needs, when it overlooked precedential authority that put Nevue and Garrison on fair warning notice that their post-shooting actions/conduct indeed constituted deliberate indifference to Appellant's life threatening serious medical needs. See Allen v. Hays, 65 F.4th 736 (11th Cir. 2023); Cope v. Cogdill, 3 F.4th 198 (5th Cir. 2000); and Dyer v. Houston, 964 F.3d 374, 384-85 (5th Cir. 2020), supra.

Lastly, it follows that if the federal claims are reinstated and remanded back to the District Court then so should the state law claims also be reinstated and remanded. Also, the Appellant clearly and sufficiently asserted plausible failure to train and single incident liability claims against the City of Sebastian. See generally FLSD [DE 21 & 36]

The Standard of review on issue #2 and 3 is whether the District Court abused its discretion and as to issue #1, 2, 3, 4, and 5 (plain error) is a de novo Standard of review.

## CONCLUSION

The actions of Nevue and Garrison on Oct. 9, 2017, amounted to excessive use of deadly force, negligence, battery, and deliberate indifference. The City of Sebastian is also liable for failure to train/supervise and single incident theory of municipal liability. The District Court abused its discretion and omitted plain error. The Appellants' claims must be reinstated, the District Court's order must be vacated (FLSD DE 60) and the case reversed and remanded to proceed into discovery phase.

Respectfully Submitted,

Date: 10/5/2023.     By: /s/ Ward L. Kenyon
                         Ward L. Kenyon
                         Pro Se Appellant
                         DC# K82075
                         RMC Main Unit
                         P.O. Box 628
                         Lake Butler, FL. 32054

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(g) this initial brief is in compliance with the 30 page limitation and is only 15 pages long.

/s/ Ward L. Kenyon, Appellant

Certificate of Service:

I hereby certify that a copy of the foregoing document has been furnished to Lyman Reynolds, 470 Columbia Drive, Bldg C101, West Palm Beach, FL 33409 / Dale Scott, 2707 E. Jefferson Street, Orlando, FL 32803; by US Mail this 6th day of October, 2023.

(now November 30, 2023)

/s/ Ward L. Kenyon, Appellant
DC# K82075
RMC Main Unit
PO Box 628
Lake Butler, FL 32054

9