No. 23-10946

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**Ward Lawrence Kenyon**,

*Plaintiff-Appellant*

v.

**City of Sebastian, et al.**

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Florida

D.C. Case No.: 2-21-cv-14392-AHS

---

## APPELLEES' JOINT SUPPLEMENTAL BRIEF

---

**ROBERTS, REYNOLDS,**
**BEDARD & TUZZIO, PLLC**
**LYMAN H. REYNOLDS, ESQ.**
470 Columbia Drive, Suite 101C
West Palm Beach, FL 33409
Phone: 561-688-6560
Fax: 561-688-2343
Email: lreynolds@rrbpa.com
*Counsel for Appellee City of*
*Sebastian*

**ROPER, TOWNSEND &**
**SUTPHEN, PA**
**RAMON VAZQUEZ, ESQ.**
255 S. Orange St., Ste. 750
Orlando, FL 32801
Phone: 407-897-5150
Fax: 407-897-3332
Email: rvazquez@roperpa.com
*Counsel for Appellees Nevue &*
*Garrison*

**No. 23-10946**
**Ward Lawrence Kenyon v. City of Sebastian, et al.**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Counsel for Appellees City of Sebastian, Braeden Nevue and Melissa Garrison, respectively, certify that the following is a complete list of those identified in *11th Cir. R.* 26-1 as persons and entities interested in the outcome of this appeal:

Aggarwal, Sameer, Esq. – Counsel for Plaintiff Kenyon

City of Sebastian - Defendant

Cockcroft, Jennifer - City Attorney for City of Sebastian

Covington & Burling, LLP – Counsel for Plaintiff Kenyon

Garrison, Melissa – Defendant

Kenyon, Ward Lawrence - Plaintiff, *pro se*

Nevue, Braeden - Defendant

Preferred Governmental Insurance Trust

Vazquez, Ramon, Esq. - Counsel for Defendants Garrison and Nevue

Reynolds, Lyman H., Esq. - Counsel for City of Sebastian

Roberts, Reynolds, Bedard & Tuzzio, PLLC - Counsel for City of Sebastian

Roper, Townsend & Sutphen, P.A. - Counsel for Defendants Garrison and Nevue

Singhal, Hon., Raag – United States District Judge

**No. 23-10946**
**Ward Lawrence Kenyon v. City of Sebastian, et al.**

Respectfully submitted,

**ROBERTS, REYNOLDS,**
**BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Suite 101C
West Palm Beach, FL 33409
Phone: 561-688-6560
Fax: 561-688-2343
Email: lreynolds@rrbpa.com
*Counsel for Appellee City of*
*Sebastian*

By: */s/ Lyman H. Reynolds, Jr.*
**LYMAN H. REYNOLDS, JR., ESQ.**
FBN: 380687

**ROPER, TOWNSEND &**
**SUTPHEN, PA**
255 S. Orange St., Ste. 750
Orlando, FL 32801
Phone: 407-897-5150
Fax: 407-897-3332
Email: rvazquez@roperpa.com
*Counsel for Appellees Nevue &*
*Garrison*

By: */s/ Ramon Vazquez*
**RAMON VAZQUEZ, ESQ.**
FBN: 196274

## STATEMENT REGARDING ORAL ARGUMENT

Appellees City of Sebastian, Melissa Garrison and Braeden Nevue jointly submit that they do not believe this Court that there would be any substantial benefit gained from oral argument on this matter. The principal legal issues being argued in the brief are ones that have been considered on prior occasions and are adequately addressed in the District Court's Orders. To the extent that the Court deems oral argument appropriate, then counsel will certainly attend the same when scheduled by the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................C1-2

STATEMENT REGARDING ORAL ARGUMENT ............................................ i

TABLE OF CITATIONS ................................................................... iv-iv

STATEMENT OF JURISDICTION.......................................................................1

STATEMENT OF THE ISSUES........................................................................ 1-2

STATEMENT OF THE CASE........................................................................ 2-4

    i.      Statement of the Facts ............................. **Error! Bookmark not defined.**-4

    ii.     Standard of Review ................................................................ 2-5

SUMMARY OF THE ARGUMENT ................................................................ 5-6

ARGUMENT .................................................................................... 6-28

    I.   The District Court Correctly Dismissed the § 1983 Claim Against the City of Sebastian (Count I)................................... 6-**Error! Bookmark not defined.**

        A.    *Monell* Liability…………………………………………………6-7

        B.    Failure to State a Cognizable Claim for Failure to Train or Supervise Against the City............................................................8-11

    II.    The District Court's Reference to the Allegations Contained in the Original Complaint Regarding G.O. 600c Does Not Constitute Reversible Error or Abuse of Discretion ................................................... 12-21

        A.    Distinct Standards of Analysis For Excessive Force Claims…......13-15

        B.    Failure to Allege Objectively Unreasonable Conduct……...…...15-18

        C.    Officer Nevue and Officer Garrison Are Entitled to Qualified Immunity on Claim for Excessive Force………………………...18-22

    III.    The District Court Rightfully Dismissed the § 1983 Deliberate Indifference to Serious Medical Need Claim against Officer Nevue and Officer Garrison (Count IV)...........................................................................212

        A.    Failure to Allege Deliberate Indifference to Serious Medical Need …………………………………………………..…....22-26

        B.    Officer Nevue and Officer Garrison Are Entitled to Qualified Immunity on Claim for Deliberate Indifference to Serious Medical

Need …….…………………………………………………..…..26-29

    IV. The District Court Properly Declined Pendant Jurisdiction over Kenyon's

State Law Claims (Counts V-VIII)............................................................ 29-30

CONCLUSION ....................................................................................................30

CERTIFICATE OF SERVICE ..............................................................................32

# TABLE OF CITATIONS

**Page(s)**

## CASES

*Adams v. Custer.,*
  2016 WL 155081, at *16-17 (S.D. Fla. Jan. 12, 2016) ........................................ 27

*Almanza v. United Airlines, Inc.,*
  851 F.3d 1060, 1066 (11th Cir. 2017) .................................................... 4

*Anderson v. Creighton,*
  483 U.S. 635, 638-39, 107 S.Ct. 3034 (1987) ..................................... 20

*Ashcroft v. alKidd,*
  563 U.S. 731, 735, 131 S.Ct. 2074 (2011) ........................................ 19

*Baker v. City of Madison, Alabama,*
  67 F.4th 1268, 1276 (11th Cir. 2023) ................................................. 4

*Baker v. McCollan,*
  443 U.S 137, 140, 99 S.Ct. 2689 (1979) ............................................ 12

*Barr v. Gee,*
  2010 WL 3002875, at *7 (M.D. Fla. July 28, 2010)........................... 10

*Bates v. Harvey,*
  518 F.4th 1233, 1242 (11th Cir. 2008) ............................................... 18

*Bingham v. Thomas,*
  654 F.3d 1171, 1175-76 (11th Cir. 2011) ........................................... 23

*Bd. of Cnty. Comr's of Bryan County, Oklahoma v. Brown,*
  520 U.S. 397, 403, 117 S.Ct. 1382 (1997) ........................................... 6

*Brawner v. Scott County, Tennessee,*
  14 F.4th 585, 595 (6th Cir. 2021) ................................................. 14-15

*Brooks v. Miller,*
  78 F.4th 1267, 1280 (11th Cir. 2023) ................................................. 19

*Brown v. City of Ft. Lauderdale*,
   923 F. 2d 1474, 1481 (11th Cir. 1991) ..................................................... 7

*Bruno v. City of Schenectady, New York*,
   727 Fed.Appx. 717, 720-21 (2d Cir. 2010).......................................... 14

*Carr v. Tatangelo*,
   338 F.3d 1259, 1268 (11th Cir. 2003) .................................................. 21

*Chaney v. City of Orlando*,
   291 Fed. App'x 238, 243 (11th Cir. 2008) .......................................... 20

*City of Canton v. Harris*,
   489 U.S. 378, 388, 390-91, 109 S.Ct. 1197 (1989)...........................8-9

*City of Revere v. Mass Gen. Hosp.*,
   463 U.S. 239, 244, 103 S.Ct. 2979 (1983).......................................... 23

*Connick v. Thompson*,
   563 U.S. 51, 61-62, 131 S.Ct. 1350 (2011).........................................8-9

*Crenshaw v. Lister*,
   556 F. 510 F.3d 1312, 1293 (11th Cir. 2007) ..................................... 13

*Dewberry v. State*,
   905 So. 2d 963, 967 (Fla. 5th DCA 2005) .......................................... 17

*Garcyznski v. Bradshaw*,
   573 F.3d 1158, 1166 (11th Cir. 2009)..............................................20-21

*Gilmore v. Hodges*,
   738 F.3d 266, 274 (11th Cir. 2013) .......................................23, 27-28

*Gold v. City of Miami*,
   151 F.3d 1346, 1350-1351, 1351 n.10 (11th Cir. 1998)..............7, 9-10

*Gordon v. County of Orange*,
   888 F.3d 1118, 1124 (9th Cir. 2018).................................................... 15

*Graham v. Connor*,
490 U.S. 386, 394, 396-97, 109 S. Ct. 1865 (1989) ..................................... *passim*

*Grech v. Clayton County, Georgia*,
335 F. 3d 1326, 1329-30 (11th Cir. 2003) ............................................. 7

*Gross v. White*,
340 F.App'x 527, 531 (11th Cir. 2009) ............................................... 10

*Harlow v. Fitzgerald*,
457 U.S. 800, 818, 102 S.Ct. 2727 (1982) ........................................... 18

*Holloman ex rel. Holloman v. Harland*,
370 F.3d 1252, 1264 (11th Cir. 2004) ............................................... 19

*Hudson v. McMillian*,
503 U.S. 1, 8-9, 112 S.Ct. 995 (1992)............................................... 24

*Jean-Baptiste v. Gutierrez*,
627 F.3d 816, 812-13 (11th Cir. 2010) .............................................. 13

*Kingsley v. Hendrickson*,
576 U.S 389, 396-97, 400, 135 S.Ct. 2466 (2015) ........................... 13-14

*Kisela v. Hughes*,
584 U.S. 100, 103, 138 S.Ct. 1148 (2018) .......................................... 12

*Lee v. Ferraro*,
284 F.3d 1188, 1194 (11th Cir. 2002).............................................. 20

*Lewis v. City of W. Palm Beach*,
561 F.3d 1288, 1293 (11th Cir. 2009) ............................................ 9-10

*Long v. Slaton*,
506 F.3d 576, 581 (11th Cir. 2007) ................................................ 13

*McClish v. Nugent*,
483 F.3d 1231, 1237 (11th Cir. 2007) ............................................. 15

*McCullough v. Antolini,*
  559 F.3d 1201, 1205 (11th Cir. 2009) ............................................................ 19-20

*McDowell v. Brown,*
  392 F.3d 1283, 1290-91 (11th Cir. 2004) ........................................................ 7

*Mercado v. City of Orlando,*
  407 F.3d 1152, 1159, 1162 (11th Cir. 2005) .................................................. 10, 15

*Miranda v. County of Lake, Illinois,*
  900 F.3d 335, 352 (7th Cir. 2018) .................................................................. 15

*Monell v. Dept. of Social Svcs. of City of New York et al.,*
  436 U.S. 658, 690-92, 694-95, 98 S.Ct. 2018 (1978) .................................... 1, 6-7

*Moore v. Pederson,*
  806 F.3d 1036, 1048 n.12 (11th Cir. 2015) .................................................... 15

*Morton v. Kirkwood,*
  707 F.3d 1276, 1281 (11th Cir. 2013) ............................................................ 16

*Murphy v. Demings,*
  626 Fed.App'x 836, 840 (11th Cir. 2015) ........................................................ 22

*Nam Dang by and through Vina Dang v. Sheriff, Seminole County, Fla.,*
  871 F.3d 1272, 1279, 1287 n.2 (11th Cir. 2017) ............................................ 14, 23

*Novoferreiro v. Israel,*
  2015 WL 2152682, at *5 (S.D. Fla. May 6, 2015) .......................................... 9-10

*Oliver v. Fiorino,*
  586 F.3d 898, 905 (11th Cir. 2009) ................................................................ 16

*Parker v. Town of Palm Beach,*
  2017 WL 11537901, at *2 (S.D. Fla.. Aug. 16, 2017) .................................... 7

*Patel v. Lanier County, Georgia,*
  969 F.3d 1173, 1181-82, 1185-86, 1188-90 (11th Cir. 2020) ....................... *passim*

*Pearson v. Callahan*,
  555 U.S. 223, 231, 236, 129 S.Ct. 808 (2009)..................................................18, 28

*Penley v. Eslinger*,
  605 F.3d 843, 850, 854 (11th Cir. 2010) ......................................................20-21

*Perez v. School Bd. Of Miami-Dade County, Fla.*,
  917 F.Supp.2d 1261, 1265 (S.D. Fla. 2013)........................................................ 8

*Perez v. Suszczynski*,
  809 F.3d 1213, 1219 (11th Cir. 2016) ................................................................ 16

*Piazza v. Jefferson County, Alabama*,
  923 F.3d 947, 951 (11th Cir. 2019) ............................................................18, 27

*Rebalko v. City of Coral Springs*,
  552 F.Supp.3d 1285, 1324 (S.D. Fla. 2020)........................................................ 9

*Salvato v. Blair*,
  2014 WL 1899011, at *12 (M.D. Fla. May 12, 2014) ........................................ 27

*Short v. Hartman*,
  87 F.4th 593, 611 (4th Cir. 2023) ...................................................................... 14

*Shotz v. City of Plantation*,
  334 F.3d 1161, 1185 (11th Cir. 2003).................................................................. 4

*Skop v. City of Atlanta*,
  485 F.3d 1130, 1136 (11th Cir. 2007)................................................................ 19

*St. George v. Pinellas County*,
  285 F.3d 1334, 1337-38 (11th Cir. 2002).......................................................15-16

*Stalley v. Cumbie*,
  124 F.4th 1273, 1283-1284, 1288, 1288 n.11 (11th Cir. 2024)................23, 25-26

*Stone v. Peacock*,
  968 F.2d 1163, 1165 (11th Cir. 1992)................................................................ 20

*Storck v. City of Coral Springs*,
    354 F.3d 1307, 1314 (11th Cir. 2003) .................................................. 20

*Tennessee v. Garner*,
    471 U.S. 1, 7, 105 S.Ct. 1694 (1985) ................................................. 12

*Terrell v. Smith*,
    668 F.3d 1244, 1255 (11th Cir. 2012) ................................................ 15

*Townsend v. Jefferson County*,
    601 F.3d 1152, 1157 (11th Cir. 2010).................................................. 18

*U.S. v. Durham*,
    795 F.3d 1329, 1330-31 (11th Cir. 2015)....................................... 5, 24

*U.S. v. Nealy*,
    232 F.3d 825, 830 (11th Cir. 2000) ............................................... 5, 24

*Underwood v. City of Bessemer*,
    11 F.4th 1317, 1333 (11th Cir. 2021) ................................................ 8-9

*Valderrama v. Rousseau*,
    780 F.3d 1108, 1110-1112, 1116-23 (11th Cir. 2015) ................... *passim*

*Vazquez v. City of Miami Beach*,
    895 F.Supp.2d 1275, 1278 (S.D. Fla. 2012)........................................ 10

*Vaughn v. Cox*,
    343 F.3d 1323, 1329-30 (11th Cir. 2003)............................................ 16

*Wade v. Daniels*,
    36 F.4th 1318, 1326-1327 (11th Cir. 2022)................................ 22, 24-25

*Wade v. McDade*,
    105 F.4th 1251, 1253, 1255 (11th Cir. 2024) ............................ 23, 25-26

*Wate v. Tactuk*,
    2014 WL 5174882, at *1-2, 8 (M.D. Fla. Oct. 14, 2014) ..................... 27

*Watts v. City of Hollywood, Fla.*,
   146 F. Supp. 3d 1254, 1270 (S.D. Fla. 2015)........................................ 9

*Watts v. City of Port St. Lucie, Fla.*,
   2015 WL 7736532, at \*20 (S.D. Fla. Nov. 30, 2015) ........................... 7

*Wilson v. Layne*,
   526 U.S. 603, 609, 119 S.Ct. 1692 (1999) ......................................... 19

*Woolfolk v. Gootee*,
   2009 WL 10705815, at \*7 (M.D. Fla. Jan. 28, 2009) .................... 26-27

**STATUTES**

*Fla. Stat.* §776.05 ................................................................................ 21

28 U.S.C. §1291 .................................................................................... 1

28 U.S.C. §1367 .................................................................................. 29

42 U.S.C. §1983 ...........................................................................*Passim*

**RULES**

11th Cir. R. 26-1 ..................................................................................C1

11th Cir. R. 28-1(h) .............................................................................. 5

11th Cir. R. 32-4 ................................................................................. 31

*Fed. R. App. P.* 28(a)(5) ........................................................................ 5

*Fed. R. App. P.* 32(a)(6) ...................................................................... 31

*Fed. R. App. P.* 32(a)(7)(B)(i) ............................................................. 31

*Fed. R. App. P.* 32(f) .......................................................................... 31

## STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. §1291, this Court has jurisdiction to hear an appeal of the final order of dismissal with prejudice of the amended complaint issued in the United States District Court of the Southern District of Florida.

## STATEMENT OF THE ISSUES

Appellant's supplemental brief makes a range of arguments against the Appellees City of Sebastian and Officers Braeden Nevue and Melissa Garrison, which are identified as follows:

1.    Whether the district court correctly found that Kenyon failed to state a *Monell* claim and a § 1983 claim for failure to train and supervise against the City of Sebastian.

2.    Whether the district court erred in dismissing Kenyon's excessive force claims against Officers Nevue and Garrison based on qualified immunity.

3.    Whether the district court erred in dismissing Kenyon's deliberate indifference to serious medical need claim against Officers Nevue and Garrison, where the facts alleged in the Amended Complaint show they promptly provided medical care.

4.    Whether the district court abused its discretion in declining supplemental jurisdiction over Kenyon's state law claims, where, after the district

1

court dismissed Kenyon's federal claims, only state law claims against Nevue and Garrison remained.

## STATEMENT OF THE CASE

### i.    Statement of Facts[1]

At the outset, Plaintiff Kenyon ("Kenyon") alleges defendant Officer Braeden Nevue ("Officer Nevue") and Officer Melissa Garrison ("Officer Garrison") were duly appointed to the police department for Defendant City of Sebastian (the "City") and were acting within the course and scope of employment and were under color of law. [*See Amended Complaint*, D.E. 21, ¶23].[2]   On October 9, 2017, at approximately 10:30 p.m., Officers Singh and Nevue entered Earl's Hideaway Lounge ("Earl's") to serve an arrest warrant on Kenyon for violation of his probation. [D.E. 21, ¶¶9, 25].  Kenyon turned his head and looked at Singh, who said to Kenyon, "Can we talk outside?" *Id*. at ¶26. Kenyon turned around and began walking at a normal pace toward the west exit. *Id*. Singh walked behind Kenyon, and Nevue walked behind Singh. *Id*.  Kenyon claims "after about fifteen feet from the initial point of contact, [Nevue] without provocation quickly move[d] around Singh,

---

[1] Appellees present these facts as stated in the amended complaint [D.E. 21] because this Court is required to accept them as true for purposes of this appeal.

[2] Appellees have filed their respective appendices before this Court [A.D. 30; A.D. 32], which contain the relevant filings, but for clarity purposes are referring to the filings before the District Court by their original designation, i.e. the Amended Complaint is D.E. 21.

and [Nevue] and Singh simultaneously grab[bed] [Kenyon] without notice or warning." *Id*.

Officers Singh and Nevue grabbed Kenyon from behind by the arms. [D.E. 21, ¶28]. This caused Kenyon "to pull away from them" which in turn caused them to slam Kenyon against the wall. *Id*. Kenyon "was trying to break free from their efforts to physically control him." *Id*. While Kenyon was against the wall, he "began moving toward the west exist and partially broke free from them and continued trying to move toward the west exit." *Id*. at ¶29.

Kenyon then pulled out a gun. *Id*. at ¶30. Officer Singh saw this and grabbed for Kenyon's hands while Kenyon was still trying to get to the exit. *Id*. Singh ended up on top of Kenyon's back while Kenyon was still standing, hunched over. *Id*. Nevue then fired his gun at Kenyon. *Id*. at ¶¶31-33. Garrison, who saw Kenyon with a gun in hand, backed away, and discharged her firearm at Kenyon. *Id*. at ¶33. Kenyon and Singh were falling to the ground as five sheets of plywood leaning against a wall began to fall, landing on a pool table. *Id*. Singh began to get up from under the plywood, taking approximately five seconds to rise to his feet. *Id*. at ¶35. Kenyon, with a gun in his hand, got under the pool table. *Id*. at ¶¶34-35. Garrison and Nevue then discharged their firearms. *Id*. at ¶¶36-37. Kenyon then discarded his gun from under the pool table and exited from under the pool table. *Id*. at ¶37. He was then handcuffed. *Id*. at ¶¶37-40.

3

During the incident, Garrison called on the radio to dispatch stating, "shots fired, shots fired 230 [sic] Kenyon has a firearm." [D.E. 21, ¶38]. Dispatch acknowledged and responded, "22:30 10-39 EMS." *Id*. Garrison confirmed EMS was enroute from dispatch. *Id*. Kenyon claims he did not receive medical attention/first aid for eleven minutes. *Id*. at ¶40.

### ii.    *Standard of Review*

As this appeal arises from an order granting a motion to dismiss with prejudice, the standard of review is *de novo*. *See Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017); *Glover v. Liggett Group, Inc*., 459 F.3d 1304, 1308 (11th Cir. 2006). A trial court's decision to grant the defense of qualified immunity on a motion to dismiss is reviewed *de novo*. *See Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023). This Court reviews a district court's decision not to exercise supplemental jurisdiction for abuse of discretion. *See Shotz v. City of Plantation*, 344 F.3d 1161, 1185 (11th Cir. 2003).

After several procedural hurdles, Appellant filed his initial brief on March 7, 2024. [A.D. 26].[3] On May 8, 2024 the Appellees filed their respective answer briefs [A.D. 29; A.D. 31], and appendices [A.D. 30; A.D. 32]. Appellant filed his reply brief on August 19, 2024. [A.D. 43]. On August 27, 2025, this Court-appointed

---

[3] A.D. refers to the document's Appellate Docket number.

appellate counsel for Kenyon [A.D. 46] who subsequently filed a supplemental brief on behalf of Kenyon. [A.D. 54].

It is respectfully submitted that Appellant cannot raise new issues in the supplemental brief. This Court has long held that an appellant who does not raise an issue in his opening brief may not do so in his reply brief, in a supplemental brief, in a rehearing petition, or on a remand from the Supreme Court, even if the issue is based on an intervening decision of the Supreme Court. "Parties have to submit all issues on appeal in their initial briefs." *U.S. v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (citing *Fed. R. of App. P.* 28(a)(5); 11th Cir. R. 28-1(h)).

However, that rule changed solely to the effect that new issues can be raised in a subsequent brief only when the party's claim or theory is based on an intervening Supreme Court decision. *See U.S. v. Durham*, 795 F.3d 1329, 1330-31 (11th Cir. 2015). There has been no such intervening decision in this matter that would allow Appellant to raise new issues in his supplemental brief.

## SUMMARY OF THE ARGUMENT

First, the district court did not err in dismissing Kenyon's claim against the City pursuant to 42 U.S.C. §1983 for failure to train and supervise its officers in the use of deadly force, as there were no allegations that the City had an official policy or unofficial practice or custom which allowed its police officers to act as they did

during the alleged incident.  Moreover, Kenyon failed to allege a pattern of similar constitutional violations of untrained employees.

Second. the district court did not err in dismissing Kenyon's excessive force claims against Nevue and Garrison, as Kenyon did not allege a violation of constitutionally protected rights and Nevue and Garrison were entitled to qualified immunity.  Third, the district court did not err in dismissing Kenyon's deliberate indifference to serious medical need claim against Nevue and Garrison, as the facts alleged in the amended complaint show they promptly provided medical care.  Finally, the district court did not abuse its discretion in declining supplemental jurisdiction over Kenyon's state law claims, as the district court dismissed Kenyon's federal claims, and only state law claims remained.

## ARGUMENT

I.    **The District Court Correctly Dismissed the § 1983 Claim Against the City of Sebastian (Count I)**

### A. *Monell Liability*

A plaintiff may only sue a municipal defendant under § 1983 for deprivations of a federal right for which a policy or custom of the municipal defendant was the "moving force." *Monell v. Dept. of Social Svcs. of City of New York et al.*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38 (1978).  A municipality cannot be held liable on the theory of *respondeat superior*. *See Bd. of Cty. Comr's of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997).  Rather, a plaintiff must establish a direct causal

connection between a custom, policy, practice or procedure and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92.  A plaintiff may do so by either (1) identifying an official promulgated policy *or* (2) by identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity. *Grech v. Clayton Cty, Ga.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (citing *Monell*, 436 U.S. at 690-91, 694).

"It is well known municipal liability under section 1983 is hard to establish. The test is purposefully difficult, lest a loosening of the standard effectively create a *respondeat superior* regime of liability – something *Monell* and its progeny expressly sought to avoid." *Watts v. City of Port St. Lucie, Fla.*, 2015 WL 7736532, at *20 (S.D. Fla. Nov. 30, 2015) (citing *Gold v. City of Miami*, 151 F.3d 1346, 1351 fn.10 (11th Cir. 1998)).  An isolated incident is not sufficient; rather, a plaintiff must establish a "widespread practice that although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Parker v. Town of Palm Beach*, 2017 WL 11537901, at *2 (S.D. Fla.. Aug. 16, 2017) (quoting *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)); *McDowell v. Brown*, 392 F.3d 1283, 1290-91 (11th Cir. 2004).

In the supplemental brief, Kenyon argues that the allegation that Officer Nevue was not properly trained in the use of deadly force, though the amended

complaint plainly alleges Officer Nevue was qualified in the standard use of firearms and the City policies cited in the amended complaint establish that the City implemented policies to ensure officers were trained in the proper use of firearms [*See* A.D 54, p. 47-51; *compare* D.E. 21, ¶¶10-13]. Significantly, nowhere in the amended complaint does Kenyon allege, identify or infer the existence of any other incidents involving City officers engaging in a pattern of using deadly force.

> **B.   *Failure to State a Cognizable Claim for Failure to Train or Supervise Against the City***

"Inadequate police training can ground a municipal liability claim under § 1983." *Perez v. Sch. Bd. of Miami-Dade Cnty.*, 917 F.Supp.2d 1261, 1265 (S.D.Fla. 2013) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204 (1989)). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train…To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Perez,* 917 F.Supp.2d at 1265 (citing *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350 (2011)). Courts have held that "[a] standard of fault less stringent than deliberate indifference would result in *de facto respondeat superior* liability on municipalities…" *Perez,* 917 F.Supp.2d at 1265 (quoting *Connick*, 563 U.S. at 62).

"To prove failure to train, [a plaintiff] would have to provide some evidence

of a pattern of improper training and show that the [municipality] was aware of the deficiencies in its program." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021) (internal citations and alterations omitted). The courts have "repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Watts v. City of Hollywood, Fla.*, 146 F.Supp.3d 1254, 1270 (S.D. Fla. 2015) (quoting *Gold v. City of Miami,* 151 F.3d 1346, 1351 (11th Cir. 1998) (citations omitted)). Indeed, "[w]ithout notice that a course of training is deficient *in a particular respect,* decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Watts*, 146 F.Supp.3d at 1270 (quoting *Connick,* 563 U.S. at 62 (emphasis and alteration added)). "Additionally, the deficient training of one officer is not sufficient to meet this standard; rather, the deficiency must be widespread and closely related to the plaintiff's injury." *Id.* at 1270-71 (citing *Canton*, 489 U.S. at 390-91).

"Establishing notice of a need to train or supervise is difficult." *Rebalko v. City of Coral Springs*, 552 F.Supp.3d 1285, 1324 (S.D. Fla. 2020) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009)). "A municipality 'is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers violated [a plaintiff's] constitutional rights,'… "In order to bring a claim of deliberate indifference against a municipality,

a plaintiff must be able to point to 'other incidents involving similar facts.'" *Novoferreiro v. Israel*, 2015 WL 2152682, at *5 (S.D. Fla. May 6, 2015) (first quoting *Gold*, 151 F.3d at 1350; then quoting *Vazquez v. City of Miami Beach*, 895 F.Supp.2d 1275, 1278 (S.D. Fla. 2012) (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005)).

An allegation of an isolated occurrence is not enough to state a claim for deliberate indifference against a municipality. *See id.* (citing *Gross v. White*, 340 F.App'x 527, 531 (11th Cir. 2009)); *Barr v. Gee*, 2010 WL 3002875, at *7 (M.D. Fla. July 28, 2010) ("[E]mployees' actions do not imply municipal liability absent an official policy or custom, and a single incident does not support an inference of such a policy"); *Lewis*, 561 F.3d at 1293 ("[A] plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action").

As alleged in the amended complaint, Kenyon fails to establish liability on the part of the City under a failure to train or supervise theory. Kenyon does not allege the existence of facts demonstrating a pattern of similar constitutional violations by untrained employees. Instead, the amended complaint actually establishes that the City did in fact train its officers regarding the appropriate use of force upon arrest and had policies in place, including G.O. 600c, which included the language

contained in *Graham*[4] regarding excessive use of force during an arrest in violation of the arrestee's Fourth Amendment rights. [D.E. 21, ¶¶53-54].

Here, the amended complaint did not allege that the City failed to provide its officers with "any" training on the use of deadly force. In fact, to the contrary, Kenyon alleged that the City's General Orders indicate that "trainees will be issued copies of and instructed in the agency's use of force policy" and that "during the agency's three-week orientation phase trainees will be provided training, in pertinent part, by in-house administrative staff on firearms and scenario based training…" [D.E. 21 at p. 11-12].

The amended complaint also alleges that all officers received a four-stage flow chart regarding the appropriate amount of force and advising officers to consider "(1) subject resistance, (2) situational factors, (3) officer response, and (4) justification." [D.E. 21, ¶53]. Further, Kenyon concedes that Officer Nevue completed his firearms qualification through FDLE before the subject incident. [D.E. 21, ¶58]. Although Kenyon appears to criticize the specificity of the training provided to the City's officers, it is undisputed – from the four corners of the amended complaint – that the City's officers received training on the use of deadly force. As such, the district court properly dismissed Kenyon's §1983 claim against the City with prejudice which should be affirmed.

---

[4] *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989).

## II. The District Court Rightfully Dismissed the §1983 Excessive Force Claims Asserted Against Officer Nevue and Officer Garrison (Counts II and III)

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1870 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694 (1985)).

The standard for examining whether an officer has used excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Kisela v. Hughes*, 584 U.S. 100, 103, 138 S.Ct. 1148, 1152 (2018) (per curiam) (quoting *Graham,* 490 U.S. at 396). "Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Garner,* 471 U.S. at 11. "[T]he law does

not require officers in a tense and dangerous situation to wait until the moment a suspect uses a deadly weapon to act to stop the suspect." *Jean-Baptiste v. Guttierez*, 627 F.3d 816, 821 (11th Cir.2010) (quoting *Long v. Slaton*, 508 F.3d 576, 581 (11th Cir.2007)).  An officer "is entitled to continue his use of force until a suspect thought to be armed is 'fully secured.'" *Jean-Baptiste*, 627 F.3d at 821–22 (quoting *Crenshaw v. Lister*, 556 F.3d 1283, 1293 (11th Cir.2009)).

## A. Distinct Standards of Analysis For Excessive Force Claims

It is important to note that in this matter, Kenyon brings two distinct types of claims against Officers Nevue and Garrison: excessive force and deliberate indifference to a medical need. [D.E. 21, ¶¶64-76, 77-90, 91-99].

As established in *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), to establish a §1983 claim for excessive force, a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." Stated differently, "[a]fter *Kingsley*, the Fourteenth Amendment's standard is analogous to the Fourth Amendment's." *Patel v. Lanier Cnty., Ga.*, 969 F.3d 1173, 1182 (11th Cir. 2020).  "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The *Kingsley* Court included a non-exclusive list of considerations as to whether the force used in a given case was reasonable. *Id.* at 397 (citing *Graham*, 490 U.S. at 396).  "And if that weren't enough, the *Kingsley*

Court expressly acknowledged that the clearly-established prong of the qualified-immunity inquiry would govern such claims." *Patel*, 969 F.3d at 1186 (citing *Kingsley*, 576 U.S. at 400). The *Kingsley* decision, however, has led to a split among the circuits.

The Eleventh Circuit has joined the Fifth, Eighth and Tenth Circuits for the premise that a pretrial detainee's §1983 claim for excessive force is governed exclusively by an objective reasonableness standard as *Kingsley* did not discuss or consider other types of §1983 claims asserted by a pretrial detainee. *See Patel*, 969 F.3d at 1185 ("*Kingsley*, however, expressly eliminated *any* subjective element for such claims arising under the Fourteenth Amendment—at least as to the excessiveness of the force."); *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279, 1287 fn.2 (11th Cir. 2017). Separately, in considering the pretrial detainee's deliberate indifference claim, the *Patel* Court followed the Eighth Amendment standards. 969 F.3d at 1188-89 (citing *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)).

Conversely, the Second, Fourth, Sixth, Seventh and Ninth Circuits have expanded the holding in *Kingsley* to other §1983 claims asserted by pretrial detainees, like deliberate indifference to medical needs or conditions of confinement. *See, e.g.*, *Bruno v. City of Schenectady, N.Y.*, 727 F. App'x 717, 720-21 (2d Cir. 2018); *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023); *Brawner v. Scott Cnty.,*

14

*Tenn.*, 14 F.4th 585, 591, 596 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 84 (2022);
*Miranda v. Cnty. of Lake, Ill.*, 900 F.3d 335, 352 (7th Cir. 2018); *Gordon v. Cnty. of
Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). These cases do not conform to the
clear precedent of the Eleventh Circuit, and as such, are not binding or persuasive
authority. "As for the cases from other jurisdictions, first, in and of themselves, they
cannot clearly establish the law in this Circuit." *See Moore v. Pederson*, 806 F.3d
1036, 1048 fn.12 (11th Cir. 2015) (citing *McClish v. Nugent,* 483 F.3d 1231, 1237
(11th Cir.2007)). "Under controlling law, the plaintiffs must carry their burden by
looking to the law as interpreted at the time by the United States Supreme Court, the
Eleventh Circuit, or the Florida Supreme Court." *Terrell v. Smith*, 668 F.3d 1244,
1255 (11th Cir. 2012) (citing *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th
Cir. 2005)).

### B. *Failure to Allege Objectively Unreasonable Conduct*

"The calculus of reasonableness must embody allowance for the fact that
police officers are often forced to make split-second judgments—in circumstances
that are tense, uncertain, and rapidly evolving—about the amount of force that is
necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396–97, 109
S. Ct. 1865, 1872 (1989). "Use of force is judged on a case-by-case basis 'from the
perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

hindsight.'" *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337-38 (11th Cir. 2002) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. at 1872).

In the supplemental brief, Kenyon considers various factors in an attempt to infer that in the amended complaint, Kenyon sufficiently alleged that the force used by Officers Nevue and Garrison was objectively unreasonable to place Mr. Kenyon under arrest. [A.D 54, p. 37-44].   However, the cases cited in support of these arguments are almost exclusively examples of the use of deadly force against suspects who were secured or complying with the commands of the officer. *See, e.g., Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009) (unreasonable where officer discharged taser 11-12 times over two minutes without attempting to secure mentally disturbed but cooperative suspect); *Morton v. Kirkwood*, 707 F.3d 1276, 1281 (11th Cir. 2013) (unreasonable where officer fired weapon at driver in parked car with hands up and complied with commands) (officer not entitled to qualified immunity); *Vaughn v. Cox*, 343 F.3d 1323, 1329-30 (11th Cir. 2003) (unreasonable where officer fired weapon into the cabin of pick-up truck traveling 80 mph on interstate with traffic); *Perez v. Suszczynski*, 809 F.3d 1213, 1219 (11th Cir. 2016) (unreasonable where officer shot suspect in the back after suspect complied with commands to lay on ground with hands behind back).   None involved the use of deadly force when a gun was pulled on the officers who were attempting to secure one violently resisting arrest.

Even in the light most favorable to Kenyon, the amended complaint clearly alleges Officers Nevue and Garrison went to Earl's to arrest Mr. Kenyon pursuant to a warrant for violation of his probation. [D.E. 21, ¶¶9, 25]. Moreover, there is no allegation that the Officers were not acting to secure Mr. Kenyon and place him under arrest. Indeed, as the amended complaint clearly alleges that Kenyon was attempting to flee and moved under the pool table—as Kenyon was in the process of being seized pursuant to a warrant for violation of probation and was not secured, he attempted to hide from the officers with a gun in his hand, while resisting Officer Singh. [D.E. 21, ¶¶30, 37]. Although Appellant alleges that Officer Singh saw his weapon, he states that Nevue didn't see his gun. However, Appellant conveniently ignores the collective knowledge doctrine which imputes an officer's knowledge to other officers. *See Dewberry v. State*, 905 So. 2d 963, 967 (Fla. 5th DCA 2005) ("The fellow officer rule, sometimes referred to as the collective knowledge doctrine, allows the collective knowledge of police investigating a crime to be imputed to each member of the investigation").

As plainly alleged in the amended complaint, throughout this tense, uncertain and rapidly evolving scenario, Officer Nevue fired the first shot at 22:30:58; Officer Garrison fired a shot at 22:31:07; and Officer Nevue stopped firing at 22:31:11; at 22:31:14 Kenyon discarded the gun. *Id*. It follows that the actions of Officers Nevue and Garrison acted in an objectively reasonable manner to respond to the force they

met when they attempted to secure Kenyon, who actively resisted them and Singh. The district court properly held that Officers Nevue and Garrison acted in an objectively reasonable manner under the circumstances. [*Order on Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice*, D.E. 60, p. 9].

## C. Officer Nevue and Officer Garrison Are Entitled to Qualified Immunity on Claim for Excessive Force

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir. 1997) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "[Q]ualified immunity is a privilege that provides an *immunity from suit* rather than a mere defense to liability." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1157 (11th Cir. 2010) (quoting *Bates v. Harvey*, 518 F.3d 1233, 1242 (11th Cir.2008)).

"An officer asserting a qualified-immunity defense bears the initial burden of showing that he was 'acting within his discretionary authority.'" *Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1181 (11th Cir. 2020) (citing *Piazza v. Jefferson Cty.*, 923 F.3d 947, 951 (11th Cir. 2019)). "A government official asserting a qualified immunity defense bears the initial burden of showing 'he was acting within his discretionary

18

authority.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1112 (11th Cir. 2015) (quoting *Skop v. City of Atlanta,* 485 F.3d 1130, 1136 (11th Cir. 2007)).

"To overcome qualified immunity, the plaintiff must satisfy a two prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (footnote omitted) (citing *Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692 (1999)).

"Courts have 'discretion to decide which of the two prongs of [the] qualified-immunity analysis to tackle first.'" *Brooks v. Miller*, 78 F.4th 1267, 1280 (11th Cir. 2023) (quoting *Ashcroft v. alKidd*, 563 U.S. 731, 735, 131 S.Ct. 2074 (2011)). "And since a plaintiff must show both prongs to overcome qualified immunity, if the prong the court considers first is not satisfied, the court need not consider the other prong because the officer is entitled to qualified immunity, regardless." *Brooks*, 78 F.4th at 1280 (citing *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808 (2009)).

As to the first inquiry, there is no genuine dispute that Officers Nevue and Garrison were acting within their discretionary authority when they arrested Kenyon. [D.E. 21, ¶¶9, 23]. Accordingly, the burden shifts to Kenyon to demonstrate Officers Nevue and Garrison violated a constitutional right that was clearly established. *See Harland*, 370 F.3d at 1264. "The purpose of qualified immunity is to allow public officials to carry out discretionary duties without the chilling fear of

personal liability or harrassive litigation." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (citing *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987)).

If the official was acting within the scope of his discretionary authority, the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate. *See id.* (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194(11th Cir. 2002)). "The determination of whether an officer is entitled to qualified immunity is one of law to be made by the court and not submitted to a jury." *Chaney v. City of Orlando*, 291 Fed.Appx. 238, 243 (11th Cir. 2008) (citing *Stone v. Peacock*, 968 F.2d 1163, 1165 (11th Cir. 1992)). Significantly, if reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity. *See Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003).

The resolution of an excessive force claim turns on whether the challenged actions were objectively reasonable in light of the facts and circumstances facing the officers at the scene, not with 20/20 vision of hindsight. *See Graham*, 490 U.S. at 396-397. The Court is to consider the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is resisting or fleeing. *Id*. at 396. A mechanical application of these factors is not appropriate. *See Penley v. Eslinger*, 605 F.3d 843, 850 (11th Cir. 2010).

There is no precise test or a "magical on-off switch" to determine when an officer is justified in using force. *See Garcyznski v. Bradshaw*, 573 F.3d 1158, 1166

(11th Cir. 2009). Significantly, the only perspective that counts is that of a reasonable officer on the scene as the incident unfolds. *Id*. (citing *Graham*, 490 U.S. at 396). The reasonableness inquiry in an excessive force case is an objective one: whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id*. at 1166-1167 (citing *Graham*, 490 U.S. at 397). Because an officer's perspective in the field differs from that of a judge sitting peacefully in chambers, courts must resist the temptation to judge an officer's actions with the 20/20 vision of hindsight. *Id*. at 1167 (citing *Graham*, 490 U.S. at 396); *Penley*, 605 F.3d at 854 ("We [Eleventh Circuit] are loath to second guess the decisions made by police officers in the field"). Additionally, even a reasonable, but mistaken belief, that probable cause exists for using force is not actionable under §1983. *See Carr v. Tatangelo*, 338 F.3d 1259, 1268 (11th Cir. 2003); *see also* §776.05, Fla. Stat.

Police officers must make split-second decisions based on the totality of the circumstances in rapidly evolving situations which may pose danger to the officers and others. The district court reasoned that Kenyon posed an immediate threat to the officers and to the other bystanders present at the bar. [D.E. 60, p. 9]. Accordingly, the district court found that Officers Nevue and Garrison were entitled to qualified immunity, as the use of force was objectively reasonable. *Id*.

The present case is similar to *Murphy v. Demings*, 626 F. App'x 836, 840 (11th Cir. 2015), where the District Court and this Court found that an officer was entitled to use deadly force when a suspect, who had engaged in a high-speed chase with police and hit two police cars, fled on foot and made a sudden movement towards his waistband, and the officer discharged his firearm ten to twelve times—in the present case the officers fired in the direction of Appellant, who was armed and they perceived him as a genuine threat. But even if such force was not objectively reasonable, which it is, and was deemed to be a violation of Kenyon's rights; Kenyon still cannot demonstrate that Officers Nevue and Garrison conduct violated a clearly established right. As such, the district court properly dismissed Kenyon's §1983 claims for excessive force against Officers Nevue and Garrison, respectively, with prejudice which should be affirmed.

### III. The District Court Rightfully Dismissed the §1983 Deliberate Indifference to Serious Medical Need Claim against Officer Nevue and Officer Garrison (Count IV)

#### A. Failure to Allege Deliberate Indifference to Serious Medical Need

"The Due Process Clause of the Fourteenth Amendment requires government officials to provide medical aid to individuals who have been injured during an arrest." *Wade v. Daniels ("Daniels")*, 36 F.4th 1318, 1326 (11th Cir. 2022) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). The standards governing the deliberate indifference claim of a pretrial detainee are "identical to

22

those under the Eighth.'" *Patel v. Lanier Cnty., Ga.*, 969 F.3d 1173, 1188 (11th Cir. 2020) (quoting *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)).  The plaintiff must establish (1) he had an objectively serious medical need, (2) the defendant acted with deliberate indifference to that need; and (3) causation between the defendant's indifference and plaintiff's injury. *See Nam Dang by & through Vina Dang v. Sheriff, Seminole Cnty., Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017) (citing *Goebert*, 510 F.3d at 1326).

"A plaintiff must first show an objectively serious medical need that, if unattended, posed a substantial risk of serious harm, and that the official's response to that need was objectively insufficient." *Gilmore v. Hodges*, 738 F.3d 266, 274 (11th Cir. 2013) (citing *Bingham v. Thomas*, 654 F.3d 1171, 1175–76 (11th Cir. 2011)).  Second, to prove the "deliberate indifference" component, the plaintiff must show (i) the defendant was subjectively aware that his conduct put the plaintiff at substantial risk of serious harm; (ii) a disregard of that risk; (iii) by conduct that acted with subjective recklessness as used in the criminal law, and (v) that he did not reasonably respond to the risk. *See Wade v. McDade ("McDade")*, 105 F.4th 1251, 1255 (11th Cir. 2024) (en banc); *see also*, *Stalley v. Cumbie*, 124 F.4th 1273, 1283-1284 (11th Cir. 2024).

Here, as framed in the supplemental brief, the issue is whether Officers Nevue and Garrison, acted with deliberate indifference to Kenyon's injuries where they did

not personally provide medical assistance to Kenyon, but did immediately advise dispatch of shots fired and that Kenyon had been shot within a minute of the occurrence. [D.E. 21, ¶¶37-38]. It is reiterated that Appellant cannot raise new issues in a supplemental brief. *See U.S. v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000); *U.S. v. Durham*, 795 F.3d 1329, 1330-31 (11th Cir. 2015).

Assuming *arguendo* that the Court would allow Appellant to address new issues in the supplemental brief, first, the supplemental brief avers that gunshot wounds amount to an objectively serious medical need. [A.D. 54, p.16-17]. Kenyon cites *Daniels*, 36 F.4th 1318, 1326 (11th Cir. 2022), declaring there can be no reasonable dispute that gunshot wounds are objectively serious. [A.D. 54, p.23-24]. However, the distinction made by the district court noted that an objectively serious medical need may have been established, but only to the extent that they deny one "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

Second, as to the subjective analysis, the amended complaint does not, even in the light most reasonable to Kenyon, establish that Officers Nevue and Garrison disregarded the subjective risks associated with his injuries because emergency medical services were requested immediately. [D.E. 21, ¶¶37-38].

Kenyon cites caselaw mainly dealing with the indifference of officials who know the inmate requires medical assistance but do nothing or delay the provision

of the necessary services. *See, e.g., Patel*, 969 F.3d at 1190 (placing pretrial detainee in unventilated, un-airconditioned transport van on hot day for 2 hours, where officer observed visible distress of detainee and did *nothing* despite training as a first responder).

It is also worth mentioning that when Kenyon describes the Officers as doing "nothing" in the time between being securing his hand cuffs and the arrival of the ambulance—the ambulance was already enroute to assist. The caselaw cited by Kenyon recognized claims for deliberate indifference where officers delayed requesting medical assistance, or requesting an ambulance in the event of a shooting. *See, e.g., Daniels*, 36 F.4th at 1327 (four-minute ambulance request delay after shooting was jury question). Kenyon's reliance on *Valderrama v. Rousseau*, 780 F.3d 1108, 1116-20 (11th Cir. 2015), is also misplaced, as there were genuine issues of fact demonstrating the officers involved in shooting the suspect did not immediately report shots fired and delayed the arrival of an ambulance by approximately seven minutes, during which time, the officers searched the suspect's vehicle and discussed their version of events. The deliberate indifference described in *Valderrama* in no way resembles the circumstances as alleged in the amended complaint, and secondly, the deliberate indifference standard used therein was repudiated in *McDade*. *See, Stalley*, 124 F.4th at 1283-1284, 1288 n. 11 (first citing *McDade*, 105 F.4th at 1253; then discussing *Valderrama*, 780 F.3d at 1110-11, 1116, 1120).

25

The distinction that Kenyon has unsuccessfully attempted to state is that the Officers' failure to provide medical intervention to Kenyon in the interim, before the ambulance arrived and that the failure to render this aid amounted to deliberate indifference—but even in the light most reasonable to Kenyon, these facts do not amount to a subjective recklessness of a criminal nature. *See McDade*, 105 F.4th at 1255. Thus, any allegedly negligent act about which Kenyon may complain, does not rise to the level of a constitutional violation and therefore provides no basis for relief under §1983. *Id.* Moreover, the amended complaint clearly alleges that Officer Garrison immediately requested emergency services. Accordingly, as Kenyon failed to demonstrate that Officers Nevue and Garrison were deliberately indifferent to Kenyon's injuries because the immediate, request for emergency medical assistance was a reasonable response, which causes this claim to fail. *See Stalley*, 124 F.4th at 1288.

### B. Officer Nevue and Officer Garrison Are Entitled to Qualified Immunity on Claim for Deliberate Indifference to Serious Medical Need

Regarding Appellant's claim for deliberate indifference to his medical needs, courts within this Circuit have found that an officer's duty under the Fourteenth Amendment is met by seeing that the injured person is promptly taken to a hospital or medical help is summoned but there is no affirmative duty on the part of police to render CPR in any and all circumstances. *See Woolfolk v. Gootee*, 2009 WL

10705815, at *7 (M.D. Fla. Jan. 28, 2009) (finding deputies fulfilled their duty by asking dispatch to send medical personnel); *Adams v. Custer*, 2016 WL 155081, at *16-17 (S.D. Fla. Jan. 12, 2016) (finding no Fourteenth Amendment violation in officer calling for emergency medical assistance for suspect shot by officer but not providing CPR or other basic lifesaving measures); *Wate v. Tactuk*, 2014 WL 5174882, at *1-2, 8 (M.D. Fla. Oct. 14, 2014) (finding no Fourteenth Amendment violation after suspect stopped breathing and lost consciousness after use of force, despite officer allegedly failing to utilize available first aid equipment, inducing bystanders to not assist with first aid, and refusal to administer respiration assistance to the suspect despite an available "barrier device"); *Salvato v. Blair*, 2014 WL 1899011, at *12 (M.D. Fla. May 12, 2014 (finding no Fourteenth Amendment violation where officers called for emergency medical personnel almost immediately after arrestee was shot in the abdomen but did not attempt to render any medical assistance or first aid).

As discussed previously at *supra., II.C*, "An officer asserting a qualified-immunity defense bears the initial burden of showing that he was 'acting within his discretionary authority.'" *Patel v. Lanier Cnty., Ga.*, 969 F.3d 1173, 1181 (11th Cir. 2020) (citing *Piazza v. Jefferson Cty.*, 923 F.3d 947, 951 (11th Cir. 2019)).

> Once the official has done so, the burden shifts to the plaintiff to satisfy the following two-pronged inquiry: (1) whether the facts that a plaintiff has shown make out a violation of a constitutional right; and (2)

27

whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Gilmore v. Hodges*, 738 F.3d 266, 272 (11th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009)).  As there is no dispute that Officers Nevue and Garrison were acting in their official capacities when the events at issue occurred, the burden is on Kenyon to demonstrate violation of a clearly established right to medical assistance for his injuries.  Here, the Officers did not violate Kenyon's Fourteenth Amendment rights to medical assistance, as the Officers immediately requested medical assistance. Still, to the extent that Kenyon is attempting to bring a claim for the Officer's failure to personally provide medical assistance to Kenyon in the interim was not clearly established.

Indeed, as explained in *Valderrama v. Rousseau*, 780 F.3d 1108, 1121-23 (11th Cir. 2015), the officers' actions in their own self-interest instead of in assistance of the arrestee was so clearly established that any reasonable officer would have be reasonably clear to be unlawful, and therefore, those officers involved were not entitled to qualified immunity. In *Valderrama*, the court held that there was a jury question as to whether the failure to report the injury properly and timely, which led to a seven-minute delay, showed deliberate indifference.  During the delay, the officers were trying to concoct justification for the use of deadly force. *Id*. at 1119. Here, it was immediately reported that shots were fired and EMS was requested.

Kenyon has failed to demonstrate that the Officer's failure to provide medical assistance to Kenyon in addition to immediately requesting emergency medical assistance, was not clearly established so as to have placed a reasonable officer on notice of a constitutional violation occurring where the officers properly request medical assistance but do not personally perform medical assistance on the arrestee. The district court properly held that Officers Nevue and Garrison were entitled to qualified immunity on Count IV, which should be affirmed.

### IV.    The District Court Properly Declined Pendant Jurisdiction over Kenyon's State Law Claims (Counts V-VIII).

Supplemental jurisdiction has been codified in Section 1367. *See* 28 U.S.C. §1367.  District courts have supplemental jurisdiction over all other claims in the original jurisdiction action that form part of the same case or controversy. 28 U.S.C. §1367(a).  The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a), if, where the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3).

As demonstrated in the arguments asserted above, the district court correctly dismissed the federal claims alleged in Mr. Kenyon's amended complaint.  The district court, in its discretion, declined to exercise supplemental jurisdiction over the state law negligence and battery claims asserted against Officers Nevue and Garrison in Counts V-VIII, as the district court could not be said to have abused its

discretion.    The order dismissing Counts V-VIII without prejudice should be affirmed.

## CONCLUSION

Kenyon's amended complaint failed to state cognizable claims against the City and Officers Nevue and Garrison pursuant to 42 U.S.C. §1983, respectively. Moreover, Officers Nevue and Garrison are entitled to qualified immunity on the claims asserted against them. The district court Order dismissing the amended complaint should be affirmed.

Date: November 18, 2025.

Respectfully submitted,

**ROBERTS, REYNOLDS,**
**BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Suite 101C
West Palm Beach, FL 33409
Phone: 561-688-6560
Fax: 561-688-2343
Email: lreynolds@rrbpa.com
*Counsel for Appellee City of*
*Sebastian*

By:    */s/ Lyman H. Reynolds, Jr.*
**LYMAN H. REYNOLDS, JR., ESQ.**
FBN: 380687

**ROPER, TOWNSEND &**
**SUTPHEN, PA**
255 S. Orange St., Ste. 750
Orlando, FL 32801
Phone: 407-897-5150
Fax: 407-897-3332
Email: rvazquez@roperpa.com
*Counsel for Appellees Nevue &*
*Garrison*

By:    */s/Ramon Vazquez*
**RAMON VAZQUEZ, ESQ.**
FBN: 196274

## CERTIFICATE OF COMPLIANCE

*I hereby certify* that this brief is less than the type-volume limitation of Rule 32(a)(7)(B)(i), *Fed R. App. P.*, as this brief contains 7,138 words – excluding the parts of the brief exempted by Rule 32(f), *Fed. R. App. P.*, and *11ᵗʰ Cir. R.* 32-4. This brief complies with the typeface requirements of Rule 32(a)(5), *Fed. R. App. P.*, and the type style requirements of Rule 32(a)(6), *Fed. R. App. P.*, as this brief was prepared in a proportionally spaced typeface using Times New Roman 14-point font.

| | |
|---|---|
| **ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC** | **ROPER, TOWNSEND & SUTPHEN, PA** |
| 470 Columbia Drive, Suite 101C | 255 S. Orange St., Ste. 750 |
| West Palm Beach, FL 33409 | Orlando, FL 32801 |
| Phone: 561-688-6560 | Phone: 407-897-5150 |
| Fax: 561-688-2343 | Fax: 407-897-3332 |
| Email: lreynolds@rrbpa.com | Email: rvazquez@roperpa.com |
| *Counsel for Appellee City of Sebastian* | *Counsel for Appellees Nevue & Garrison* |
| By: */s/ Lyman Reynolds* | By: */s/ Ramon Vazquez* |
| **LYMAN H. REYNOLDS, JR., ESQ.** | **RAMON VAZQUEZ, ESQ.** |
| FBN: 380687 | FBN: 196274 |

31

**CERTIFICATE OF SERVICE**

I hereby certify that on November ☐, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Four paper copies have been sent by Fed Ex delivery to the Court Clerk and one paper copy upon Plaintiff-Appellant Ward Lawrence Kenyon, Dade Correctional Institution, 19000 SW 377th Street, Florida City, Florida 33034.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Suite 101C
West Palm Beach, FL 33409
PH: 561-688-6560; FX: 561-688-2343
Email: lreynolds@rrbpa.com
*Counsel for Appellee City of Sebastian*

By:   */s/ Lyman Reynolds*
      **LYMAN H. REYNOLDS, JR.**
      FBN: 380687